U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 6, 2006

Victoria M. Bonilla-Argudo, Esq.
77 Central Avenue
Boston, M 02109

Re:   Richard Pena
      Criminal No. 04-10314-RCL

Dear Ms. Bonilla-Argudo:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Richard Pena ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   Change of Plea

At the earliest practicable date, Defendant shall plead guilty to Count One of the above-captioned Indictment, which charges the Defendant with conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Count One the Indictment, and is in fact guilty of those offenses.

   2.   Penalties

Defendant faces the following minimum mandatory and maximum penalties: a maximum penalty of life imprisonment; a mandatory minimum period of imprisonment of ten (10) years; a fine of up to four million dollars; a term of supervised release of at least five (5) years up to life; and a special assessment of $100.00 (one hundred dollars).

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The parties agree that the United States Sentencing Guidelines in effect as of November 5, 2003 apply to the determination of the applicable sentencing guidelines;

(b) The parties take no position with respect to Defendant's Criminal History Category.

(c) The parties agree that the total quantity of cocaine attributable to the Defendant is between fifty (50) and one hundred and fifty (150) kilograms.

(d) The parties agree that the Defendant is entitled to a two-level reduction in his base offense level pursuant to U.S.S.G. § 3B1.2(b) based on his minor role in the offense conduct.

(e) Accordingly, the parties agree that Defendant's base offense level is 30, pursuant to U.S.S.G. § 2D1.1(a)(3).

Safety-Valve Adjustment:

(f) If the Court determines that Defendant does not have more than 1 criminal history point, as determined under the Sentencing Guidelines, the parties agree to take the position that Defendant meets the criteria set forth in U.S.S.G. §5C1.2(a)(2-4). The Government agrees, based on information known as of the date of this agreement, that Defendant has satisfied the requirements of U.S.S.G. §5C1.2(a)(5), which agreement is subject to change should the U.S. Attorney learn of additional information between the time of execution of the plea agreement and sentencing that contradicts this finding.

Thus, if the terms set forth in the first paragraph of this subsection are met,

the U.S. Attorney and Defendant will take the position that the Court should apply U.S.S.G. §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory mandatory minimum sentence that is otherwise applicable in this case. The parties also take the position that, pursuant to § 2D1.1(b)(6) of the Sentencing Guidelines, Defendant's offense level should be reduced by two levels.

The U.S. Attorney and Defendant agree that there is no basis for a departure or deviation under the factors set forth in 18 U.S.C.§ 3553(a) from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure or deviation on any ground from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. §

3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Subject to the application of any mandatory minimum term of imprisonment, the low end of the sentencing guideline imprisonment range as determined by the Court at the time of sentencing;

(b) A fine within the guideline fine range, unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) Five (5) years' supervised release; and

(d) A mandatory special assessment of $100.00.

(e) Forfeiture as set forth in paragraph 9;

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.  **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  **Waiver of Rights to Appeal and to Bring Collateral Challenge**

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

>   (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and
>
>   (2) The imposition by the District Court of a sentence which does not exceed 57 months.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.  **Court Not Bound By Agreement**

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and

sentence in any subsequent appeal or collateral challenge.

8. Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. 853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Maureen B. Hogan.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature: Laura Kaplan]*

LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

MAUREEN B. HOGAN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_Richard Pena_
Richard Pena
Defendant

Date: 1/21/07

I certify that Richard Pena has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_Victoria M Bonilla_
Victoria M. Bonilla-Argudo, Esq.
Attorney for Defendant

Date: 1/21/07